Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as by the bill and pleadings in the cause no issue was made up as to the regular execution of the deed of trust in the proceedings mentioned, the question as to the regularity of the election of Thomas Samson as president of the company,^ and his authority to execute the deed, did not properly arise. But as the decree of the Court below has been rendered upon the assumptions that the election of said Samson was illegal, and that there was no authority to execute the deed, this Court is of opinion, that as this was a joint stock company, incorporated for private purposes and to acquire property, it possesses the ordinary powers and privileges of other trading companies while confined and limited within the scope, and directed to the object of their association; except so far as the same are restricted by the charter of incorporation. their officers possess no private franchise in their offices, but are the mere ministerial agents of the company, to conduct its business for the benefit, and under the authority of the company; that although by the charter a general meeting of the company was to be held at least once annually at such time and place as should be prescribed by the by-laws, there is nothing to restrict *235 the company from holding other general meetings as often as the interests of the company rendered it necessary, and at such general meetings to remove and appoint officers if the welfare of the company required it; otherwise if the officers appointed should prove to be incompetent or faithless, the company might be jected to irreparable loss.
The Court is further of opinion, that as by the charter the officers elected were to hold their offices for one year, and until successors were appointed, even if the authority to remove within the year were more doubtful, yet when as in this case, no election had been held after the expiration of the year, and the president held over, it was clearly competent for the company at any general meeting to elect a successor, as there is nothing in the charter which indicates the intention that where an officer held over in consequence of a failure to elect a successor at the annual general meeting, he should hold over for a year, and until the next ensuing general annual meeting.
The Court is further of opinion, that even if the eleclion of Samson had been irregular; yet such election would have constituted him president de facto, and acts done under the authority of the company and colore officii, would be binding on the company, and want of authority. could not be impeached
The Court is further of opinion, that it was competent for the company to execute the deed in question by any agent duly empowered and authorized to do the act, and that as it appears the deed was prepared in pursuance of the direction of the company, and that the same after being so prepared, was seen and approved by the company in general meeting, and the said Samson, the president of the company, was instructed and directed to execute the same by the resolution of the company adopted in general meeting, these proceedings constitu *236 ted him special agent with full authority to do the act in question.
The Court is therefore of opinion, that the objection to the deed from the presumed want of authority in said Samson to execute it cannot be sustained.
The Court is further of opinion, that there is no repugnancy in the terms of the deed, and nothing illegal in the preferences thereby given, if in other respects the deed be free from objection, as the act of February 13th, 1837, Sessions Acts, ch. 84, <§> 17, p. 79, prohibiting such preferences, does not apply to this corporation.
The Court is further of opinion, that there was nothing in the scope and object of the corporation to prohibit it from contracting debts or borrowing money to carry on their operations.
The Court is further of opinion, that as a corporation may contract debts to its individual corporators, it is as much bound to pay or secure such debts as debts due to strangers, and the fact that a deed is given to secure such debts does not render it fraudulent, unless some fraudulent intent is shewn.
The Court is further of opinion, that the facts and circumstances attending the execution of the deed in question repel the slightest imputation of fraud. So far as any preference was given to the individual corpora-tors it was to refund to them advances made and liabilities incurred for the payment of loans contracted to enable the company to commence its operations. The proceeds of said loans have gone to the increase of the means of the company to meet its general liabilities, and as by the embarrassments of the company the stockholders may probably be subjected to the loss of their capital stock, there is nothing unjust or inequitable in securing such of them as had become liable for such loans, or who had made advances to discharge the same; leaving the residue of the estate of the company, increased as it may have been by such loans, to be distri *237 buted pro rata amongst the general creditors, after discharging the prior incumbrances and the loans and advances on account thereof as aforesaid.
The Court is therefore of opinion, that the Circuit Court erred in setting aside said deed, as void. The decree is therefore reversed with costs; and the cause remanded, with instructions to proceed to make sale of the property, and for a disposition of the proceeds according to the terms of the deed of trust; and to enable the parties to mature the case as against John M. Harvey, if deemed advisable, and for further proceedings in order to a final decree.